UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

CARR CONTRACTING SERVICES, INC.,

     Debtor.

_____/

SHARI STREIT JANSEN, as Chapter
7 Trustee of the Estate of Carr
Contracting Services, Inc.

     Plaintiff,

v.                                    Case No.   8:10-cv-2170-T-33

CITY OF ZEPHYRHILLS, JAMES N.
GOODWIN, THE LPA GROUP
INCORPORATED,

     Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants

James N. Goodwin and the LPA Group Inc.'s Motion for

Withdrawal of Reference and Demand for Jury Trial (Doc. # 1).[1]

---

[1] Defendant City of Zephyrhills filed a separate motion to withdrawal the reference, incorporating the arguments in Goodwin and LPA Group's present motion. See In re: Carr Contracting Servs., Inc., 8:10-cv-2169-T-26 (Doc. # 3). Judge

Shari Streit Jansen filed a complaint in Bankruptcy Court against the City of Zephyrhills, James N. Goodwin, and LPA Group Inc., alleging breach of contract, quantum meruit, and negligence actions.

In their motion, Goodwin and LPA Group contend that cause exists for withdrawing the reference pursuant to 28 U.S.C § 157(d), that it is entitled to a jury trial under the Seventh Amendment in this non-core adversary proceeding, and that, because it will not consent to the jurisdiction of the Bankruptcy Court, the case must be disposed of in this Court where its right to jury trial can be honored. (Doc. # 1).

The Court may withdraw a reference for cause. See In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000); 28 U.S.C. § 157(d) (2006). However, a right to a jury trial "does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007)(examining a broad array of cases). "[T]he bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." Id. The Ninth Circuit, in Healthcentral.com, held that a party's Seventh Amendment right

---

Lazzara denied its motion on September 30, 2010. Id.

to a jury trial is not affected or diminished in the pre-trial management of litigation by a bankruptcy court, even if the bankruptcy court were to rule on a dispositive motion, such as a motion for summary judgment. Id. Such rulings "merely address whether a trial is necessary at all." Id.

Goodwin and LPA Group's motion to withdraw the reference is premature. The Trustee's complaint was filed on July 28, 2010, Goodwin and LPA Group's answers were filed on August 27, 2010, and a pretrial conference is currently scheduled for October 19, 2010. (Doc. # 1-3). As the parties are in the early stages of litigation for this adversary proceeding, the fact that Goodwin and LPA Group are entitled to a jury trial does not require the court to withdraw the reference. Goodwin and LPA Group's right to a trial by jury is not frustrated by conducting pretrial matters in the Bankruptcy Court.

The Motion for Withdrawal of Reference is denied without prejudice as premature. Goodwin and LPA Group may refile the motion once all pretrial matters have concluded and the adversary proceeding is ready to be tried before a jury.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants James N. Goodwin and LPA Group Inc.'s Motion

to Withdrawal the Reference and Demand for Jury Trial (Doc. # 1) is **DENIED** without prejudice. Defendants can re-raise all arguments and assertions after pretrial matters have concluded and the proceeding is ready to be tried before a jury.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record